## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY KEELER and**<br>**THOMAS KEELER**<br>**95 Clarks Farm Road**<br>**Carlisle, MA 01741**<br><br>**and**<br><br>**ALYSSA ALBERTELLI and**<br>**MARK JOSEPHS**<br>**1545 22nd Street N**<br>**Arlington, VA 22209**<br><br>**and**<br><br>**SARA LEE,**<br>**EDWARD LEE, individually and**<br>**as parents, guardians, and next friends of**<br>**J.E.L., a minor**<br>**150 Green Street**<br>**Stoneham, MA 02180**<br><br><div align="center">**Plaintiffs,**</div><br>**v.**<br><br>**ELI LILLY AND COMPANY,**<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285**<br><br><div align="center">**Defendant.**</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION** _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT ELI LILLY AND COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and

1446, notices the removal of this action from the Superior Court of the District of Columbia,

Civil Division, to this Court. The grounds for removal are as follows:

<div align="center">1</div>

## INTRODUCTION

1.      On November 7, 2007, Plaintiffs filed this case against Lilly.  The action is styled as *Mary Keeler and Thomas Keeler, Alyssa Albertelli and Mark Josephs, and Sara Lee and Edward Lee, individually and as parents, guardians, and next friends of J.E.L., a minor v. Eli Lilly and Company*, Civil Action No. 0007418-07, in the Superior Court of the District of Columbia, Civil Division.   In their Complaint, Plaintiffs allege that Mary Keeler's *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations, a miscarriage, and infertility.   *See* Complaint at ¶ 7.   Plaintiffs' Complaint further alleges that Alyssa Albertelli's *in utero* exposure to DES caused uterine and cervical malformations and infertility. *Id.* at ¶ 38.  Finally, Plaintiffs also allege that Sara Lee's *in utero* exposure to DES caused uterine and cervical malformations, a miscarriage, and infertility.  *Id.* at ¶ 69.

2.      Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A**.

## NOTICE OF REMOVAL IS TIMELY

3.      Plaintiffs served the Complaint in this action on Lilly on November 9, 2007.  The Complaint was the first pleading that Lilly received setting forth the claims for relief on which this action is based.  Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction.  This Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332.  This case may be removed pursuant to 28 U.S.C. § 1441 because, as is explained in full below, this case is a civil action that involves a controversy between citizens of different states and in which

2

the amount in controversy, exclusive of interest and costs, exceeds $75,000.  This action is being removed to the District Court for the district where the action is pending.

5.    Title 28 U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  Plaintiffs filed this action in the Superior Court of the District of Columbia.  No defendant in this action is a citizen of the District of Columbia.

6.    Upon information and belief, Plaintiffs are citizens of Massachusetts and Virginia. *See* caption of Plaintiffs' Complaint, listing Plaintiffs' residences in Carlisle, Massachusetts, Arlington, Virginia, and Stoneham, Massachusetts.

7.    Lilly is a corporation organized under the laws of the State of Indiana, and Lilly's principal place of business is located in Indiana.  Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8.    Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

9.    In their Complaint, Plaintiffs seek a total of $9,000,000 in compensatory damages from Lilly.  *See* Complaint, p. 20-21.  In addition, Plaintiffs Sara and Edward Lee seek $10,000,000 in compensatory and punitive damages on behalf of J.E.L. in their claimed capacity as his parents, guardians, and next friends.  *Id.* at p. 21.  Based on the damages sought by Plaintiffs, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## REMOVAL TO THIS DISTRICT

10.    Removal venue exists in the United States District Court for the District of Columbia because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia.

3

11.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on the attorney for Plaintiffs, and a copy of this Notice will be promptly filed with the Clerk of the Superior Court of the District of Columbia, Civil Division. A copy of the Notice of Filing of Removal to Federal Court is attached hereto as **Exhibit B**.

12.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and because the action is between citizens of different states.

13.    Lilly reserves all defenses including, without limitation, the defense of lack of personal jurisdiction.

14.    Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled Mary Keeler and Thomas Keeler, Alyssa Albertelli and Mark Josephs, and Sara Lee and Edward Lee, individually and as parents, guardians, and next friends of J.E.L., a minor v. Eli Lilly and Company, Civil Action No. 0007418-07, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and Lilly requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON, L.L.P.
600 14TH Street, N.W., Suite 800
Washington, DC  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2703555v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of November, 2007, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**


**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

6

2703555v1

Exhibit A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARY KEELER
    Vs.                                            C.A. No.       2007 CA 007418 B
ELI LILLY AND COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge ROBERT E MORIN
Date:  November 7, 2007
Initial Conference: 9:30 am, Friday, February 15, 2008
Location:  Courtroom 517
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

<div style="text-align: right">Chief Judge Rufus G. King, III</div>

<div style="text-align: right">Caio.doc</div>

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001    Telephone: 879-1133

| MARY KEELER, et al. | |
|---|---|
| *Plaintiff* | 0007418-07 |

**vs.**

| ELI LILLY AND COMPANY | Civil Action No. |
|---|---|
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine | |
|---|---|
| Name of Plaintiff's Attorney | By _T. Wright_ |
| | Deputy Clerk |
| 1320 Nineteenth St., N.W., Fifth Floor | |
| Address | |
| Washington, DC 20036 | |
| 202-833-8040 | Date  11/7/07 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **MARY KEELER and**<br>**THOMAS KEELER**<br>**95 Clarks Farm Road**<br>**Carlisle, MA 01741**<br><br>**and**<br><br>**ALYSSA ALBERTELLI and**<br>**MARK JOSEPHS**<br>**1545 22nd Street N**<br>**Arlington, VA 22209**<br><br>**and**<br><br>**SARA LEE,**<br>**EDWARD LEE, individually**<br>**and as parents, guardians, and next friends of**<br>**J.E.L., a minor**<br>**150 Green Street**<br>**Stoneham, MA 02180**<br><br><br>        **Plaintiffs,**<br>    **v.**<br><br><br>**ELI LILLY AND COMPANY**<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285**<br>**w/s/o NATIONAL REGISTERED AGENTS, INC.**<br>**1090 Vermont Avenue, NW, #910**<br>**Washington, DC 20005**<br><br><br>        **Defendant.** | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

RECEIVED
CIVIL CLERK'S OFFICE
NOV - 7 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

0007418-07

**Civil Action No.**

### COMPLAINT
#### (DES Litigation – Products Liability, Punitive Damages)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia prior to obtaining governmental approval for

diethylstilbestrol ("DES"). Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

3.     Although the Plaintiffs, were exposed to DES in Massachusetts, their injuries manifested and received medical treatment in the District of Columbia, Maryland, Massachusetts and Virginia.

<div align="center">

**COUNT I**
**(Negligent Failure to Warn- Mary Keeler)**

</div>

4.     On or about 1960 and 1961, during her pregnancy with Plaintiff Mary Keeler, the mother of the Plaintiff herein bought and ingested DES in Massachusetts. Her physician prescribed said drug during the pregnancy. Said drug was manufactured and sold by Defendant Eli Lilly and Company.

5.     It was the duty of the Defendant to adequately warn Plaintiff's mother and Plaintiff as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

6.     Defendant negligently failed to adequately warn Plaintiff's mother and Plaintiff of DES risks as to safety and efficacy of DES.

7.     As a result of said negligence, Plaintiff was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant miscarriage, infertility, an inability to carry a child to term, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

<div align="center">

**COUNT II**
**(Negligent Failure to Test- Mary Keeler)**

</div>

8.    All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

9.    Defendant had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

10.    Defendant negligently failed to test DES in any regard as to its safety and efficacy.

11.    As a result of Defendant' said negligence, Plaintiff was injured as aforesaid.

## COUNT III
### (Strict Liability- Mary Keeler)

12.    All of the allegations contained in Counts I and II are re-alleged and incorporated herein by reference.

13.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

14.    Defendant is engaged, or have been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

15.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant' possession.

16.    Said product was defective when placed on the market by Defendant. DES was sold by the Defendant without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

17.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been

3

disseminated to overcome Defendant' extensive advertising campaigns proclaiming the safety and efficacy of DES.

18.    As a result of Defendant' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

19.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

<u>COUNT IV</u>
**(Breach of Warranty- Mary Keeler)**

20.    All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

21.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

22.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

23.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

24.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

<u>COUNT V</u>

4

**(Misrepresentation- Mary Keeler)**

25.     All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

26.     Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

27.     The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant' representations in his advice about purchase, use, and consumption of DES.

28.     At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

29.     As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT VI
**(Punitive Damages- Mary Keeler)**

30.     All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

31.     The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.  Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother.  Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the

threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VII
### (Loss of Consortium – Thomas Keeler)

32.    All of the allegations contained in Counts I through VI are re-alleged and incorporated herein by reference.

33.    Plaintiff Thomas Keeler is the husband of Mary Keeler. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant as aforesaid, Plaintiff Thomas Keeler has been deprived of the love, services and affection of his wife, Mary Keeler.

## COUNT VIII
### (Negligent Failure to Warn- Alyssa Albertelli)

34.    All of the allegations contained in Counts I- VII are re-alleged and incorporated herein by reference.

35.    On or about 1964 and 1965, during her pregnancy with Plaintiff Alyssa Albertelli, the mother of the Plaintiff herein bought and ingested DES in Massachusetts. Her physician prescribed said drug during the pregnancy. The drug was manufactured by Defendant Eli Lilly and Company.

6

36.    It was the duty of the Defendant to adequately warn Plaintiff's mother and Plaintiff as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

37.    Defendant negligently failed to adequately warn Plaintiff's mother and Plaintiff of DES risks as to safety and efficacy of DES.

38. As a result of said negligence, Plaintiff was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant infertility, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

## COUNT IX
### (Negligent Failure to Test- Alyssa Albertelli)

39.    All of the allegations contained in Count VIII are re-alleged and incorporated herein by reference.

40.    Defendant had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

41.    Defendant negligently failed to test DES in any regard as to its safety and efficacy.

42.    As a result of Defendant's said negligence, Plaintiff was injured as aforesaid.

## COUNT X
### (Strict Liability- Alyssa Albertelli)

43.    All of the allegations contained in Count VIII and IX are re-alleged and incorporated herein by reference.

44.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

7

45.    Defendant is engaged, or has been engaged, in the business of producing DES, and is, or have been, commercial manufacturers of said drug.

46.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

47.    Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

48.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant' extensive advertising campaigns proclaiming the safety and efficacy of DES.

49.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

50.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

### COUNT XI
**(Breach of Warranty- Alyssa Albertelli)**

51.    All of the allegations contained in Counts VIII through X are re-alleged and incorporated herein by reference.

52.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

53.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skill and judgment, and the implied and express warranties and representations.

54.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

55.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT XII
### (Misrepresentation- Alyssa Albertelli)

56.    All of the allegations contained in Counts VIII through XI are re-alleged and incorporated herein by reference.

57.    Dfendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

58.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

59.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of

facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

60.     As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

### COUNT XIII
#### (Punitive Damages- Alyssa Alberteili)

61.     All of the allegations contained in Counts VIII through XII are re-alleged and incorporated herein by reference.

62.     The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.   Additionally, Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother.   Nonetheless, Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.   The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared.   Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

### COUNT XIV
#### (Loss of Consortium – Mark Josephs)

10

63.     All of the allegations contained in Counts VIII through XIII are re-alleged and incorporated herein by reference.

64.     Plaintiff, Mark Josephs, is the husband of Alyssa Albertelli.  As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant as aforesaid, Plaintiff Mark Josephs has been deprived of the love, services and affection of his wife, Alyssa Albertelli.

## COUNT XVI
### (Negligent Failure to Warn – Sara Lee)

65.     All of the allegations contained in Counts I-XV are re-alleged and incorporated herein by reference.

66.     On or about 1967 and 1968, during her pregnancy with Plaintiff Sara Lee, the mother of the Plaintiff herein bought and ingested DES in Massachusetts.  Her physician prescribed said drug during the pregnancy.  Said drug was manufactured and sold by Defendant Eli Lilly and Co.

67.     It was the duty of the Defendant to adequately warn Plaintiff Sara Lee's mother and Plaintiff Sara Lee as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

68.     Defendant negligently failed to adequately warn Plaintiff Sara Lee's mother and Plaintiff Sara Lee of DES risks as to safety and efficacy of DES.

69.     As a result of said negligence, Plaintiff was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant miscarriage, infertility, inability to carry a child to term, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

## COUNT XVII

### (Negligent Failure to Test- Sara Lee)

11

70.    All of the allegations contained in Count XVI are re-alleged and incorporated herein by reference.

71.    Defendant had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

72.    Defendant negligently failed to test DES in any regard as to its safety and efficacy.

73.    As a result of Defendant's said negligence, Plaintiff was injured as aforesaid.

## COUNT XVIII
### (Strict Liability- Sara Lee)

74.    All of the allegations contained in Count XVI and XVII are re-alleged and incorporated herein by reference.

75.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

76.    Defendant is engaged, or have been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

77.    Plaintiff Sara Lee's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

78.    Said product was defective when placed on the market by Defendant. DES was sold by the Defendant without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

79.    Defendant knew or should have known that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear

12

warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant' extensive advertising campaigns proclaiming the safety and efficacy of DES.

80.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Sara Lee was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

81.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT XIX
### (Breach of Warranty- Sarah Lee)

82.    All of the allegations contained in Counts XVI through XVIII are re-alleged and incorporated herein by reference.

83.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

84.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

85.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

86.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT XX
### (Misrepresentation- Sara Lee)

87.    All of the allegations contained in Counts XVI through XIX are re-alleged and incorporated herein by reference.

88.    Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

89.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant' representations in his advice about purchase, use, and consumption of DES.

90.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

91.    As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT XXI
### (Punitive Damages- Sara Lee)

92.    All of the allegations contained in Counts XVI through XX are re-alleged and incorporated herein by reference.

93.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.    Additionally, Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother.    Nonetheless, Defendant

14

knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactically even where no symptoms or signs of a threatened miscarriage appeared. Additionally, Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

### COUNT XXII
### (Loss of Consortium – Edward Lee)

94.    All of the allegations contained in Counts I through XXI are re-alleged and incorporated herein by reference.

95.    Plaintiff, Edward Lee, is the husband of Sara Lee. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant as aforesaid, Plaintiff Edward Lee has been deprived of the love, services and affection of his wife, Sara Lee.

### COUNT XXIII
### (Negligent Failure to Warn – J.E.L., a Minor)

96.    Plaintiffs Sara Lee and Edward Lee bring this suit as parents, guardians, and next friends of J.E.L., a minor, who was injured as a result of his premature birth, as a result of his mother Sara Lee's exposure to DES *in utero*.

97.    The drug DES is a transplacental teratogen capable of crossing the placenta and entering the bloodstream of a developing fetus. The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES. In approximately 1967 and 1968, Gloria Albertelli, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing

15

reproductive tract to become deformed, marred, and stunted. This defect is such that the reproductive organs such as the uterus and cervix are not capable of holding back, restraining, or delaying a pregnancy. The infant J.E.L. was born eleven (11) weeks early, at twenty-nine (29) weeks gestation, because of his mother's DES-injured birth uterus/cervix, which he shared for the twenty-nine weeks of his gestation. As a result, J.E.L. was born prior to full maturity of his systems, resulting in permanent and severe injuries, including but not limited to: failure to thrive, the requirement of a feeding tube and regular hormone treatments, food allergies, and developmental delays, all of which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life.

98.     Defendant negligently failed to adequately warn Plaintiff J.E.L.'s grandmother and Plaintiff of DES risks as to safety and efficacy of DES.

99.     As a result of Defendant' said negligence, Plaintiff was injured as aforesaid.

## COUNT XXIV
### (Negligent Failure to Test – J.E.L., a Minor)

100.    All of the allegations contained in Count XXIII are re-alleged and incorporated herein by reference.

101.    Defendant had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

102.    Defendant negligently failed to test DES in any regard as to its safety and efficacy.

103.    As a result of Defendant's said negligence, Plaintiff J.E.L. was injured as aforesaid.

## COUNT XXIV
### (Strict Liability – J.E.L., a Minor)

104.    All of the allegations contained in Counts XXII and XXIII are realleged and incorporated herein by reference.

16

105.    Prior to 1967, the date Plaintiff J.E.L.'s birth uterus/cervix was injured, numerous reports were received in the medical and scientific literature to the effect that:

    a.  DES, as well as many other chemicals, could cross the placenta;

    b.  DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

    c.  DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether of the primary or secondary exposed person;

    d.  DES had a potent cellular effect on female reproductive organs;

    e.  DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendant;

    f.  DES was a teratogen to the reproductive tract of fetal animals such as mice, rats, and mink when ingested by their mothers during pregnancy;

    g.  Such reports raised questions about the toxicity of DES to the developing fetal female's reproductive organs.

106.    Based on the above reports, it was foreseeable, expected, and knowable by Defendant that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervixes and uteri and that is was foreseeable, knowable and expected in 1967 that DES given to pregnant women could and would stunt and deform the birth uteri of their grandchildren, causing prematurity with the resulting injury of the grandchildren.

107.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

108.     Defendant knew or should have known that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES.  Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's excessive advertising campaigns proclaiming the safety and efficacy of DES.

109.     As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff's mother, Sara Lee, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss, and damages as aforesaid.

110.     Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to the minor Plaintiff for his DES-caused injuries, losses, and damages.

### COUNT XXV
### (Breach of Warranty – J.E.L., a Minor)

111.     All of the allegations contained in Counts XXII and XXIV are realleged and incorporated herein by reference.

112.     At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

113.     Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

114.     At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18

115.    As a direct result of the breach of warranties by the Defendant, minor Plaintiff J.E.L. has been injured as aforesaid.

## COUNT XXV
### (Misrepresentation – J.E.L., a Minor)

116.    All of the allegations contained in Counts XXII through XXIV are re-alleged and incorporated herein by reference.

117.    Defendant represented to pregnant women, including the grandmother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

118.    The grandmother of the Plaintiff and her attending physicians did, in fact, rely on Defendant' representations in his advice about purchase, use, and consumption of DES.

119.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

120.    As a direct result of said false representations by Defendant, minor Plaintiff J.E.L. was injured as aforesaid.

## COUNT XXVI
### (Punitive Damages – J.E.L., a Minor)

121.    All of the allegations contained in Counts XXII through XXV are re-alleged and incorporated herein by reference.

122.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the

19

exposed female fetus.    Additionally, Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother.    Nonetheless, Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.    Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactically even where no symptoms or signs of a threatened miscarriage appeared. Additionally, Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

WHEREFORE, Plaintiff Mary Keeler, demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

WHEREFORE, Plaintiff Thomas Keeler, individually, demands judgment against Defendant Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

WHEREFORE, Plaintiff Alyssa Albertelli demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

WHEREFORE, Plaintiff Mark Josephs, individually, demands judgment against Defendant Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

20

**WHEREFORE**, Plaintiff Sara Lee demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

**WHEREFORE**, Plaintiff Edward Lee, individually, demands judgment against Defendant Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

**WHEREFORE**, Plaintiffs Edward and Sara Lee, as parents, guardians, and next friends of J.E.L., demand judgment against Defendant Eli Lilly and Company, in the sum of Ten Million Dollars ($10,000,000) in compensatory and punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Copper #502149

1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

21

Exhibit B

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **MARY KEELER and** ) <br> **THOMAS KEELER** ) <br> **95 Clarks Farm Road** ) <br> **Carlisle, MA 01741** ) <br> ) <br> **and** ) <br> ) <br> **ALYSSA ALBERTELLI and** ) <br> **MARK JOSEPHS** ) <br> **1545 22nd Street N** ) <br> **Arlington, VA 22209** ) <br> ) <br> **and** ) <br> ) <br> **SARA LEE,** ) <br> **EDWARD LEE, individually and** ) <br> **as parents, guardians, and next friends of** ) <br> **J.E.L., a minor** ) <br> **150 Green Street** ) <br> **Stoneham, MA 02180** ) <br> ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **ELI LILLY AND COMPANY,** ) <br> **Lilly Corporate Center** ) <br> **Indianapolis, IN 46285** ) <br> ) <br> **Defendant.** ) <br> ) | **Civil Action No. 2007 CA  007418 B** |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:  THE CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA,
CIVIL DIVISION

PLEASE TAKE NOTICE that on the 26th day of November, 2007, Defendant Eli

Lilly and Company filed in the United States District Court for the District of Columbia a Notice

1

of Removal of the above styled action. A true copy of such Notice of Removal is attached hereto as Exhibit "1" and is incorporated herein by reference.

Pursuant to 28 U.S.C. Section 1446(d), the filing of the attached Notice of Removal has effected the removal of the above styled action, and the Superior Court of the District of Columbia, Civil Division, should proceed no further unless and until this case is remanded.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
SHOOK, HARDY & BACON, L.L.P.
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARY KEELER and THOMAS KEELER, et al.<br>95 Clarks Farm Road<br>Carlisle, MA 01741 | ELI LILLY AND COMPANY, et al.<br>Lilly Corporate Center<br>Indianapolis, IN  46285 |

| | |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Middlesex County<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Marion County<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Aaron M. Levine<br>Aaron Levine & Associates<br>1320 19th St., N.W., Suite 500<br>Washington, DC 20036 | John C. Coots<br>Michelle R. Mangrum<br>Shook, Hardy & Bacon, LLP<br>600 14th Street, N.W., Suite 800<br>Washington, DC  20005 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ◉ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☒ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* |
|---|---|---|

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| O  **G.  Habeas Corpus/ 2255** | O  **H.  Employment Discrimination** | O  **I.  FOIA/PRIVACY ACT** | O  **J.  Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O  **K.  Labor/ERISA (non-employment)** | O  **L.  Other Civil Rights (non-employment)** | O  **M.  Contract** | O  **N.  Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding  ⊙ 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiffs allege personal injuries due to mothers' ingestion of pharmaceutical product.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $9,000,000   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  Nov. 26, 2007   SIGNATURE OF ATTORNEY OF RECORD   *John C. Coots*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.